United States District Court
Southern District of Texas
**ENTERED**
July 16, 2026
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| NewRez, LLC d/b/a Shellpoint Mortgage Servicing, | § | |
| *Plaintiff*, | § | Civil Action No. 4:25-cv-2423 |
| v. | § | |
| Lori D. Greene, et al., | § | |
| *Defendants*. | § | |

## MEMORANDUM AND RECOMMENDATION

This decision follows the Court's show cause order raising concerns about subject-matter jurisdiction. Dkt. 31. After considering Plaintiff NewRez, LLC's response, Dkt. 32, the pleading, and the applicable law, it is recommended that this suit be dismissed for want of jurisdiction.

## Background

NewRez filed this foreclosure action against Defendants Lori D. Greene, the United States of America, and Sundown Glen Community Association, Inc. Dkt. 1 (complaint). NewRez brings a breach of contract claim, asserting that Greene defaulted on her loan that is secured by her property. *See id.* at 2-3. And it alleges that the United States of America (through its officer, the Secretary of Housing and Urban Development) has an interest in the subject

property. *See id.* at 3. NewRez invoked federal question jurisdiction, citing 28 U.S.C. § 2410 as the sole basis for jurisdiction. *See id.* at 1; *see also* Dkt. 32 at 1 ("Plaintiff predicates this Court's subject matter jurisdiction on the claims it makes against the United States of America, and under 28 U.S.C. § 2410.").

On February 4, 2026, NewRez moved for default judgment against Greene. Dkt. 29. On June 30, 2026, the undersigned recommended that the motion for default judgment be denied without prejudice. Dkt. 31. In the same opinion, the undersigned ordered NewRez to show cause as to why the case should not be dismissed for want of jurisdiction. *See id.* NewRez responded, asserting that jurisdiction was proper. Dkt. 32. This Court now reviews jurisdiction *sua sponte*.

## Analysis

"Federal courts are courts of limited jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). "Therefore, United States District Courts and Courts of Appeals have the responsibility to consider the question of subject matter jurisdiction *sua sponte* if it is not raised by the parties and to dismiss any action if such jurisdiction is lacking." *Giannakos v. M/V Bravo Trader*, 762 F.2d 1295, 1297 (5th Cir. 1985) (per curiam). Congress has conferred federal courts with original jurisdiction over two categories of cases: (1) federal questions "arising under the Constitution, laws, or treaties of the United States," 28 U.S.C. § 1331; and (2) suits between citizens of different

states with an amount of controversy exceeding $75,000, *see* 28 U.S.C. § 1332(a). *See Badgerow v. Walters*, 596 U.S. 1, 7 (2022).

As the party asserting jurisdiction, NewRez bears the burden to establish that jurisdiction is proper. *See Life Partners, Inc. v. United States*, 650 F.3d 1026, 1029 (5th Cir. 2011). But neither Newrez's complaint nor its response to the show cause order demonstrates that this Court has jurisdiction.

NewRez contends that that there is federal question jurisdiction under 28 U.S.C. § 2410 because it names the United States of America as a co-defendant due its interest in the subject property. *See* Dkt. 1 at 1, 3; Dkt. 32 at 1. But this Court recently rejected that same jurisdictional theory in *Nationstar Mortgage, LLC, v. Abbott*, 2026 WL 1765978 (S.D. Tex. Apr. 29, 2026) (holding Section 2410 did not confer federal jurisdiction over mortgage suit), *adopted by* 2026 WL 1764856 (S.D. Tex. June 18, 2026) (Bennett, J.). The analysis in *Nationstar* is on all fours here.

Section 2410 provides that "the United States may be named a party in any civil action or suit in any district court, or in any State court having jurisdiction of the subject matter ... to foreclose a mortgage or other lien upon ... real ... property on which the United States has or claims a mortgage or other lien." 28 U.S.C. § 2410(a). But under Fifth Circuit law, "Section 2410(a) only waives sovereign immunity and *does not create a basis for federal subject matter jurisdiction*." *Hussain v. Bos. Old Colony Ins. Co.*, 311 F.3d 623, 635

(5th Cir. 2002) (emphasis added) (noting that the statute "must be narrowly construed to comport precisely with congressional intent"). The *Hussain* decision explained that Section 2410 works in conjunction with 28 U.S.C. § 1444, which "permits *the government* to remove to federal district court any such case initiated in state court." *See id.* at 629 (emphasis added). As construed in *Nationstar*, *Hussain*'s rejection of Section 2410 as a basis for federal question jurisdiction conclusively bars jurisdiction over NewRez's suit. *Nationstar*, 2026 WL 1765978 at *2 (collecting numerous authorities).

NewRez's response to this Court's show cause order raises the same arguments that were considered and rejected in *Nationstar*. Like the mortgage company in that case, NewRez maintains that *Grable & Sons Metal Productions, Inc. v. Darue Engineering & Manufacturing*, 545 U.S. 308 (2005), abrogated the Fifth Circuit's characterization of Section 2410 in *Hussain*. *See* Dkt. 32 at 2. Also identical to the mortgage company in *Nationstar*, NewRez invokes a later—but unpublished—Fifth Circuit decision when claiming that Section 2410 creates a federal cause of action. *Id.* (citing *Bartolomeo USA, LLC v. U.S. Dep't of Hous. & Urban Dev.*, 2021 WL 5458117, at *2 (5th Cir. Nov. 22, 2021)). But just as *Nationstar* concluded, those positions are unpersuasive.

The Supreme Court's decision in *Grable* merely observed in passing that Section 2410 "provide[s] a quiet title cause of action against the Federal Government" while dealing with an unrelated issue. *See Grable*, 545 U.S. at

317 n.4. It neither analyzed nor addressed whether Section 2410 would permit the action to be filed originally in federal court. *See id.* at 317 n.4 (stating that Section 2410 was "not relevant" to the analysis); *see also Lakeview Loan Servicing, LLC v. Tennyson*, 2026 WL 799709, at *3 (N.D. Tex. Mar. 23, 2026) (noting that *Grable*'s observation was "nonbinding dicta" and dismissing foreclosure action for lack of jurisdiction); *Amerihome Mortg. Co., LLC v. Lozano*, 2025 WL 3532429, at *3 (N.D. Tex. Nov. 17, 2025) (holding *Grable* did not overrule *Hussain*), *adopted by* 2025 WL 3530952 (N.D. Tex. Dec. 9, 2025); *Wilmington Sav. Fund Soc'y, FSB as Tr. of Stanwich Mortg. Loan Tr. I v. Leon*, 2026 WL 374736, at *2 (N.D. Tex. Jan. 26, 2026) (footnote 4 was "dicta, not a holding"), *adopted by* 2026 WL 372214 (N.D. Tex. Feb. 10, 2026).

Moreover, it is not for this Court to determine whether *Hussain* remains good law. Only the Fifth Circuit can decide whether to revisit its own precedent. *See In re Bonvillian Marine Serv., Inc.*, 19 F.4th 787, 789-90 (5th Cir. 2021) (district courts are "bound by the rule" in a published appellate decision unless the circuit decides to overturn it, including based on an intervening Supreme Court decision). Unpublished cases like *Bartolomeo* cannot override *Hussain*'s binding force.

Because *Hussain* remains binding, Section 2410 does not provide a basis for federal question jurisdiction. *See Nationstar*, 2026 WL 1765978 at *2; *see also, e.g., Planet Homes Lending, LLC v. Ernest Waterwall*, 2026 WL 1084006,

at *2 (S.D. Tex. Apr. 6, 2026) (same conclusion), *adopted by* 2026 WL 1081200 (S.D. Tex. Apr. 21, 2026); *Tennyson*, 2026 WL 799709, at *3 ("None of the published Fifth Circuit cases ... concluded that *Hussain* was overturned by *Grable*[.]"); *Lakeview Loan Servicing LLC v. Lee*, 2025 WL 3221472, at *2-3 (N.D. Tex. Oct. 22, 2025) (adhering to *Hussain* and dismissing mortgage suit for lack of jurisdiction), *adopted by* 2025 WL 3218913 (N.D. Tex. Nov. 17, 2025). This suit should be dismissed for want of jurisdiction.

## Recommendation

For the foregoing reasons, it is **RECOMMENDED** that this suit be **DISMISSED WITHOUT PREJUDICE** for lack of jurisdiction.

**The parties have fourteen days from service of this Report and Recommendation to file written objections. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Failure to file timely objections will preclude appellate review of factual findings and legal conclusions, except for plain error. *Ortiz v. City of San Antonio Fire Dep't*, 806 F.3d 822, 825 (5th Cir. 2015).**

Signed on July 16, 2026, at Houston, Texas.

Yvonne Y. Ho
United States Magistrate Judge