United States District Court
Southern District of Texas
**ENTERED**
August 13, 2026
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| NEWREZ, LLC, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. 4:25-CV-02423 |
| | § | |
| THE UNITED STATES OF AMERICA, *et al.*, | § | |
| | § | |
| | § | |
| Defendants. | § | |

# ORDER

Before the Court are United States Magistrate Yvonne Y. Ho's Memorandum and Recommendation filed on July 16, 2026 (Doc. #33) and Plaintiff NewRez, LLC's ("Plaintiff") Objections (Doc. #34). The Magistrate Judge's findings and conclusions are reviewed de novo. FED. R. CIV. P. 72(b); 28 U.S.C. § 636(b)(1); *United States v. Wilson*, 864 F.2d 1219, 1221 (5th Cir. 1989). Having reviewed the parties' arguments and applicable legal authority, the Court adopts the Memorandum and Recommendation as its Order.

In Plaintiff's Objections (Doc. #34), Plaintiff largely reasserts the same arguments (and case citations) it employed in its Response (Doc. #32) to Magistrate Judge Ho's Memorandum, Recommendation, and Order to Show Cause (Doc. #31). Although Plaintiff is entitled to *de novo* review in general, objections that "simply rehash or mirror the underlying claims addressed in the Report are not sufficient to entitle the party to *de novo* review." *Tilley v. Director, TDCJ-CID*, No. 6:18-CV-163, 2020 WL 5534537, at *1 (E.D. Tex. Sept. 14, 2020); *United States v. Morales-Castro*, 947 F. Supp. 2d 166, 171 (D.P.R. 2013) (explaining the party's objections must not be a "reiteration of arguments already considered and rejected by the magistrate judge").

Plaintiff's Objections do, however, raise one argument not presented in its Response to the

Order to Show Cause: that Article III, Section 2 of the Constitution—extending the federal judicial power to controversies in which the United States is a party—independently supports jurisdiction here. Doc. #34 at 1-2. Because this theory was never presented to the Magistrate Judge, Plaintiff has waived it. *See Freeman v. County of Bexar*, 142 F.3d 848, 851–52 (5th Cir. 1998) ("[A] party who objects to the magistrate judge's report waives legal arguments not made in the first instance before the magistrate judge."). The argument would fail regardless: Article III's extension of judicial power to cases involving the United States marks the outer limit of what Congress may authorize; it does not itself confer jurisdiction absent an implementing statute. *See Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). For the reasons already given, § 2410 is not such a statute.

Accordingly, the Court adopts the Memorandum and Recommendation (Doc. #33) in its entirety. This action is DISMISSED WITHOUT PREJUDICE for lack of subject-matter jurisdiction. All pending motions are DENIED AS MOOT. The Court will enter a separate Final Judgment.

It is so ORDERED.

AUG 13 2026

Date

The Honorable Alfred H. Bennett
United States District Judge